## MARSH V. BIRD.

*Appeal from Black Hawk Circuit Court — Friday, April 28.*

SALE OF PERSONAL PROPERTY — DELIVERY.

ACTION of replevin for a reaper and mower. Verdict and judgment for defendant; plaintiff appeals.

*O. Miller* for the appellant — *Boies, Allen & Couch* for the appellees.

BECK, J.—The defective abstract in this case fails to disclose as fully as is desirable the facts relied upon by the parties to support their conflicting claims to the property. Enough, however, appears to enable us to determine the applicability of the rules of law given by the court to the jury. Each of the parties claims title, under one Burrows, to the property in dispute, as a purchaser directly from him. But the contest, as it is presented in the briefs of counsel, is alone upon the title of plaintiff, which rests upon an alleged sale by Burrows to him. Whether this sale transferred the property depends upon the fact of a sufficient delivery, and the contest rests upon this very point. The contract of sale and payment by plaintiff crediting the price agreed upon on a note held by him against Burrows is shown. No actual delivery of the property was made. The sale was not evidenced by a recorded writing, nor is it claimed that defendant had notice thereof. It was made a distance of four or five miles from the property, which did not come into the possession of plaintiff until it was delivered to him upon the writ issued in this case. Plaintiff claims that there was a symbolical delivery of a part of the machine. This is based upon evidence showing that plaintiff loaned a sled to Burrows, who broke the tongue, and about two weeks after the alleged sale to plaintiff returned the sled with the machine tongue in place of the one he had broken. There is nothing to show that the delivery of the tongue was intended to be a symbolical delivery of the machine. The instructions of the court were applicable to the facts disclosed by the evidence, and conveyed correct rules as to the necessity of delivery of the property, or the execution and recording of a writing expressing the contract of sale, or of actual notice thereof to the defendant. It is claimed by appellant that the instructions assume that, to constitute a sale, there must be an actual delivery, and that the sale could not be valid because it was made five miles from the property. This objection is not sustained by the facts. The instructions will not warrant such an interpretation. The court directed the jury that " the delivery of the tongue, as a sled tongue, *to replace one broken by Burrows,* is not such a delivery of a part as will take it (the contract of sale) out of the statute." This

instruction is objected to, but is so apparently correct that it need only be announced to meet approval. No other objections are made upon the record.

The judgment of the circuit court is

Affirmed.